THE PEOPLE ex rel. Joseph L. Thomas, County Collector, Appellee, vs. THE WABASH RAILROAD COMPANY, Appellant.

*Opinion filed December 16, 1914.*

1. TAXES—*the county board may levy tax for State aid roads.* Raising money for a county's share of the expense of building State aid roads has been made a county purpose by the Roads and Bridges act of 1913, and the permissive language of section 22 of such act with reference to applying funds on hand or voting to issue·bonds does not exclude the exercise by the county board of its general power to levy taxes for such purpose. (*People* v. *Kankakee and Seneca Railroad Co. ante,* p. 497, followed.)

2. SAME—*county board still has power to aid in construction of bridges aside from section 35 of the act of 1913.* Section 35 of the Roads and Bridges law of 1913, which embodies the provisions of the act of 1877, has merely taken away the discretion of the county board, under certain conditions, to refuse to aid towns in constructing bridges by making such aid compulsory, but it has not deprived the county board of power to furnish, under other conditions, such aid to towns in the construction of bridges as it may deem expedient, under the authority of section 56 of the act relating to counties.

APPEAL from the County Court of Adams county; the Hon. LYMAN McCARL, Judge, presiding.

J. L. MINNIS, N. S. BROWN, and WILSON & SCHMIEDESKAMP, for appellant.

JOHN T. INGHRAM, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of Adams county overruled objections of the appellant to the application of the county collector for judgment and order of sale for two items of the county taxes,—one of $5000 for the construction of State aid roads and the other of $11,000 for bridges,—under section 56 of chapter 34 of the Revised Statutes. Judgment with order of sale was entered and an appeal was taken.

The objection to the item of $5000 for State aid roads was the same which was made in several other cases brought to this court by appeal, and was that the only methods by which county boards could provide funds for State aid roads were specified in section 22 of the Road and Bridge law, by appropriating funds in the county treasury or submitting to the legal voters the question of issuing bonds. Raising money for the county share of the expense of making State aid roads has been made a county purpose, and the permissive language of section 22 does not exclude the exercise of the general authority to raise taxes for such purposes. Accordingly we held in *People* v. *Kankakee and Seneca Railroad Co.* (*ante,* p. 497,) that a tax levied by the county board for State aid roads is legal. It was not error in the court to overrule the objection to that tax.

Included in the appropriation and tax levy there was an item of $4000 for bridges under section 35 of the Road and Bridge law, which requires the county board, under certain conditions, to contribute one-half the expense of constructing bridges. No objection was made to that item, but it is contended that the levy of $11,000 for bridges under section 56 of chapter 34 of the Revised Statutes was unlawful. The question raised is whether county boards still have a discretionary power to aid in the construction of roads and bridges aside from the compulsory provision of section 35 of the Road and Bridge law. The rule of the common law and the history of legislation on the subject will lead to the conclusion that they have such discretionary power. In the case of *People* v. *Canal Trustees,* 14 Ill. 402, the court said that unquestionably by the common law and by our own statutes the burden of constructing and maintaining bridges rested upon the counties, and in *Dennis* v. *Maynard,* 15 Ill. 477, it was again declared that by the common law the burden was upon the counties unless it had been placed elsewhere, but the burden might be divided between the county and smaller municipal divi-

sions, as the legislature might think proper. It had been previously declared in *Eyman* v. *People*, 1 Gilm. 4, that the act of February 3, 1835, (Laws of 1835, p. 130,) gave the county commissioners' courts of the several counties general superintendence over public roads, and the act of January 18, 1836, (Laws of 1836, p. 207,) gave to the county commissioners' courts discretionary power to expend on the public roads, in making causeways, bridges, etc., a certain proportion of the money in the county treasury. In 1861 the subject of roads and bridges was included in the act authorizing township organization. (Laws of 1861, p. 236.) Section 6 of article 14 of that act authorized boards of supervisors to appropriate funds to aid in the construction of roads and bridges in any part of their respective counties when a majority of the whole board of the county might deem it proper and expedient. This invested the board of supervisors in counties under township organization with the same discretionary power which county commissioners' courts had in aiding towns in the construction of roads and bridges. In the revision of 1874 the subjects of counties and of roads and bridges became separate chapters, and the provision of section 6 of article 14 was transferred in the same words to chapter 34, relating to counties. This provision remains in the law, and gives to county boards a discretion to aid any town in the construction of roads and bridges, upon condition that a majority of the whole board deem it proper and expedient. Manifestly, it was intended to permit county boards to aid towns in the construction of roads and bridges where their construction and maintenance would be burdensome to the taxpayers of the locality. While the burden may be imposed upon towns, the use of highways and bridges is for all the people of the county and the State at large. Some towns require but little money for roads and bridges, while others, on account of the topography of the locality and the existence of large rivers or numerous streams and water-

courses, are heavily burdened, not solely for their own benefit but for the benefit of the public at large. It is evident that the General Assembly intended that the cost of expensive roads and bridges might, in the discretion of the county board, be distributed throughout the county, and the extent of the aid which may be given is not limited in any way. In 1877 it was deemed wise to fix certain conditions under which the county board would have no discretion but must appropriate one-half of the necessary funds to build a bridge. (Laws of 1877, p. 193.) The mandatory requirement is now section 35 of the Road and Bridge law, and its purpose is to take away from the county board all discretion to refuse aid under the specified conditions. Section 35 compels aid to a certain amount where the cost of the bridge shall be more than twelve cents on the $100 on the latest assessment roll and the levy of the road and bridge tax has been the full amount allowed by law. After the act of 1877 became the law the case of *Peoria, Decatur and Evansville Railway Co.* v. *People,* 116 Ill. 232, was decided by this court. One reason there given for requiring statements of road and bridge taxes to be laid before the board of supervisors was the discretionary power of a board to appropriate funds to aid in the construction of roads and bridges, in the exercise of which power the board should take into consideration the amount of taxes levied for other purposes. The court could not have referred to the mandatory requirement of an appropriation of one-half of the cost of bridges, about which the board was not allowed any discretion. The act of 1877 has only taken away the discretion in particular cases, and has not destroyed the power given to a county board to furnish such aid as may be deemed expedient in other cases. The court did not err in overruling the objection.

The judgment is affirmed.                *Judgment affirmed.*