(No. 11468.—Decree affirmed.)

HARRY L. REYNOLDS *et al.* Appellants, *vs.* THE TOWN OF ELKHORN GROVE *et al.* Appellees.

*Opinion filed October 23, 1917.*

TAXES—*hard roads tax should be levied for the whole period—effect where first certificate is insufficient.*   Under the Roads and Bridges act of 1913, where a hard roads tax is voted for a number of years, it is the duty of the commissioner or commissioners to levy the tax for the whole period and the duty of the county clerk to extend the tax each year by virtue of the single certificate, but the fact that the levy is not legally made for the first year does not destroy the right of the people to the tax for the remaining period fixed by the election.

APPEAL from the Circuit Court of Carroll county; the Hon. JAMES S. BAUME, Judge, presiding.

GEORGE L. HOFFMAN, for appellants.

F. J. STRANSKY, for appellees.

280 − 18

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On May 10, 1913, an election was held in the town of Elkhorn Grove, in Carroll county, on the proposition of levying a special tax of seventy cents on each $100 of assessed valuation of property for five years to construct hard roads, and the proposition was carried by a vote of 69 for to 56 against. On May 14, 1913, a certificate of a levy of the special tax for five years, signed by the commissioners, was filed with the town clerk, and the town clerk certified it to the county clerk, who extended the tax for the year 1913. The commissioners did not hold any meeting, either regular or special, for the purpose of levying and certifying the tax, and on that ground the collection of the tax was enjoined by the circuit court of Carroll county, but the decree recited that the injunction was not to interfere with the right of the commissioners to make a proper levy of the tax. No tax, however, was levied for the year 1913, but on March 28, 1914, the commissioners of highways made a certificate of a levy for the remaining years 1914, 1915, 1916 and 1917, and filed the certificate with the town clerk, who certified the same to the county clerk. A tax for the year 1914 was extended by virtue of that certificate, but as the statute had been changed so as to require the certificate to be made to the county clerk instead of to the town clerk the tax was enjoined by the circuit court, and the decree again provided that the injunction should not interfere with the right of the commissioners to subsequently collect the tax by proper proceedings. At a special election held before the town meeting of April, 1914, the town changed from the system of having three commissioners of highways to a single commissioner, and at the town meeting Warren Benedict was elected sole commissioner. On August 17, 1915, and again on September 10, 1915, Benedict attempted to make a levy of the taxes for the years 1914 and 1915 only, and a bill of tax-payers to enjoin the

collection of the tax because the certificate was not made for the whole period was dismissed. On appeal from that decree it was reversed and the cause was remanded, with directions to enjoin the collection of the tax as prayed for in the bill. (*Shaver* v. *Town of Elkhorn Grove*, 275 Ill. 141.) The cause being re-instated in the circuit court, a decree was entered enjoining the collection of the tax for the years 1914 and 1915 as against the property of the complainants in the bill. The tax for the years 1914 and 1915, except the taxes so enjoined, was voluntarily paid, and produced the sum of $3048.63 for the construction and maintenance of the hard roads in question. On November 17, 1916, Benedict, as commissioner of highways, made and filed with the county clerk a certificate reciting the election and previous failures to levy the tax, and purporting to levy an annual special tax of seventy cents on each $100 of the assessed valuation of taxable property for each and every year covered by the entire period of five years, in accordance with the vote at the election. By virtue of that certificate the county clerk extended a tax for the year 1916, and the bill in this case was filed·by tax-payers of the town to enjoin the collection of the tax. The cause was heard by the chancellor on a stipulation of facts and evidence produced before him, and a decree was entered dismissing the bill.

The objection made to the tax for the year 1916 is, that under the statute it was the duty of the commissioners of highways to make a levy in the year 1913 for the full period of five years, beginning with that year; that the year· 1913 was the only year when a valid levy could be made, and the first year having passed without a valid levy, none could be made in any succeeding year.

It is not claimed that Benedict, as commissioner, could make a levy of back taxes nor that such taxes could be collected as taxes legally levied on property liable to taxation, because the collection of such taxes had failed, but it is

claimed that the certificate was effective for the remaining years of the term. The question of the required method of levying taxes under the act of 1883 for the construction and maintenance of hard roads was before this court in two cases, in one of which there was a levy for the full term and in the second a levy for the first year of the term. ·In the case of *People* v. *Illinois Central Railroad Co.* 237 Ill. 154, a tax for the year 1907 extended by virtue of a certificate made in 1905 was objected to on the ground that a levy for the tax voted for three years could not be made at one time and included in one certificate but that a separate tax levy and certificate for each of the three years were necessary. The statutory provision was, that if a majority of the votes cast were in favor of the tax the commissioners of highways could levy the tax in accordance with the vote and certify the same to the· town clerk, who should certify it to the county clerk. The statute did not, in terms, provide that the certificate should be for the full period, but it was held that the statute contemplated a levy for the whole period and annual levies were not contemplated. Afterward, in the case of *People* v. *Robeson,* 253 Ill. 456, an election had been held for or against levying a hard road tax for the five year period from 1910 to 1914, inclusive, and the commissioners on September 6, 1910, made a certificate levying the tax for the first year. The tax was objected to on the ground that it should have been levied for five years. The court said that it would have been proper to have made such a levy under the authority of *People* v. *Illinois Central Railroad Co. supra,* but it was not a valid ground for objection that there were not more taxes levied than the tax for which judgment was asked and that levies made from year to year during the term were not unlawful. The statute, which was not clear and explicit, was afterward made so by the act of 1913, which repealed the act of 1883, (Laws of 1913, p. 520,) and that act was construed in the case of *Shaver* v. *Town of Elk-*

*horn Grove, supra.* The court commented on the fact that the act of 1883 was not definite in regard to the levy to be certified, but that section 110 of the act of 1913 made it plain that the certificate required was to be for the full period authorized by the election, and section 111 required the county clerk, in making out the tax books, to extend the special tax in each year during the period by virtue of the single certificate. As the certificate made by Benedict in 1915 for the taxes for the years 1914 and 1915 did not comply with the statute it was held void. It was not decided that if the certificate had been in compliance with the statute the tax for the year in which it was made, and the subsequent years of the period, could not have been collected. The same argument was made in that case as in this, and if it had been sustained the whole tax would have been defeated, but the argument was ignored in the decision and the decree was reversed because the certificate did not comply with the statute. Although a hard road tax for a number of years is a separate and distinct tax for each year, (*People* v. *Cincinnati, Indianapolis and Western Railway Co.* 261 Ill. 582,) the statute makes it the duty of the commissioner or commissioners of highways to levy the tax for the whole period, but it could not have been intended that the failure to make such a levy at the beginning should destroy the right of the people to the tax for the remaining years covered by the period fixed by the election. No levy was made, in compliance with the statute, for the years 1913, 1914 and 1915, but to hold that a commissioner could not make a valid levy for the remaining years would defeat both the legislative intent and the will of the electors. The certificate was a sufficient and legal levy of the tax for the year 1916, and the chancellor did not err in dismissing the bill.

The decree is affirmed.                    *Decree affirmed.*