(No. 1448—

THE VILLAGE OF NORTH UTICA, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 7, 1929.*

HIBBS AND POOL, for claimant.

OSCAR E. CARLSTROM, Attorney General; ROY D. JOHNSON, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

This is a claim for moneys alleged to have been expended by the Village of North Utica in the repair and maintenance of a bridge over the Illinois and Michigan canal during the years 1920 to 1927 inclusive and aggregating the total sum of $1,648.30. The declaration was filed February 28, 1929. It is conceded by claimant that $1,271.39 of this sum is barred by the statute of limitations, but it is urged that under the principle of equity and good conscience an award should be

made notwithstanding the statute. No award can be made against the State by this court unless the claim is based on some legal or equitable right. The statute creating the Court of Claims specifically provides: "Every claim against the State, cognizable by the Court of Claims shall be forever barred unless the claim is filed with the secretary of the court within five years after the claim first accrues" etc. This statute is mandatory and the court has no discretion in the matter. If the claim be not filed within the time fixed by the law the court must deny it regardless of whether it be based on a legal or equitable right. The statute applies to "every claim against the State cognizable by the Court of Claims" which clearly includes both legal and equitable claims. The remainder of the demand is for repairs made less than five years prior to the filing of the claim and does not come within the inhibition of the statute.

If it be the duty of the State to keep the bridges over the canal in repair as part of the expense of operating it the cost of such repairs can only be paid out of the earnings of the canal. Separate Section 3 of the Constitution of 1870 provides: "The General Assembly shall never loan the credit of the State or make appropriations from the treasury thereof, in aid of railroads or canals: Provided, that any surplus earnings of any canal, waterway or water power, may be appropriated or pledged for its enlargement, maintenance or extension." This section applies to the Illinois and Michigan canal and prohibits appropriations from the State Treasury in aid of it. (*Hollenbeck et al.* v. *State,* Nos. 1111 to 1114, opinion filed this term; *Burke* v. *Snively,* 208 Ill. 328). If the repair of bridges over the canal be included in the expense of its operation an appropriation from the State Treasury to pay for such repairs would be in aid of the canal and is prohibited by the above provisions of separate Section 3 of the Constitution.

But we do not think the canal authorities were either clothed with the duty or given the power to maintain the bridges over the canal. By the common law the burden of opening and repairing highways and constructing and maintaining bridges rests upon the counties. (*The People* v. *Canal Trustees,* 14 Ill. 402.) This burden may be divided upon and between the county and smaller municipal divisions, and so

may the jurisdiction and duties of supervision and repair, as the legislature may think proper. The whole subject is under legislative discretion. (*Dennis* v. *Maynard,* 15 Ill. 477; *The People* v. *Wabash R. R. Co.,* 265 Ill. 530.) By the seventh clause of section 1 of article 5 of the Cities and Villages Act the legislature has devolved upon cities and villages the power to establish and open streets and alleys within their corporate limits and clothed them with the duty of maintaining such streets and alleys in a safe condition for public travel after they have been established and opened. By clause twenty-eight of the same section cities and villages are given the power to construct and keep in repair bridges, viaducts and tunnels within their corporate limits. By conferring these powers upon cities and villages the legislature deprived all other bodies of its exercise. (*The People* v. *I. C. C. R. Co.,* 266 Ill. 240.)

It is alleged in the declaration that the bridge in question is over the canal where it intersects Clark Street, and that said street is and for many years has been in the possession and under the control of the Village of North Utica. The bridge is, therefore, a part of Clark Street and the duty of keeping it in repair, is upon the village. (*People ex rel.* v. *Meyer,* 251 Ill. App. 475.)

The act to revise the law in relation to the Illinois and Michigan canal, approved March 27, 1874, in sections 8 and 9 very fully sets out the powers and duties of the canal commissioners relative to the control, management, operation and maintenance of the canal, its locks, dams and other improvements and appurtenances. Bridges are not mentioned any place in the act except in section 24. That section provides that no bridge shall be constructed across the canal by any one without having first submitted the plan thereof to the canal commissioners and obtained their consent thereto. When all the provisions of this act are considered it is obvious that the legislature did not intend to give the commissioners power to construct and maintain bridges over the canal but to charge them with the duty of preventing the construction of bridges in such manner as would or might interfere with its use for navigation.

The claim is therefore denied and the case dismissed.