Appellant, Chicago, Burlington Quincy Railroad Company appeals from an order of the county court of Whiteside county which overruled its objections to the taxes levied for 1941 against its property, for Fulton township poor relief and Community High School District No. 215.
The certificate of the town clerk of Fulton township, upon which the county clerk extended the levy, certified a tax of $4830 for "Home Relief (including veterans)." The form of the certificate of levy, the objection filed and questions argued are the same as were considered in People ex rel. Little v. Peoriaand Eastern Railway Co. ante, p. 79, where it was held the objection to the tax should have been sustained. For the reasons stated in the opinion in the *Page 214 
former case, the judgment overruling appellant's objections will have to be reversed.
Community High School District No. 215 is located in Whiteside and Rock Island counties. The board of education levied a tax of eighty-eight cents for educational purposes and twelve cents for building purposes and such levy was made within the time provided by law. A proper certificate of levy was filed with the county clerk of Rock Island county within the time prescribed by statute but no certificate of levy was delivered to or filed with the county clerk of Whiteside county. The failure to file a certificate with the county clerk of Whiteside county furnishes the grounds for appellant's objection.
Section 191 of the School Law (Ill. Rev. Stat. 1941, chap. 122, par. 214) prescribes the procedure to be followed in the making of a tax levy when a school district lies in two or more counties. It provides that after the school board has ascertained the amount to be raised by special tax for educational and building purposes, a certificate shall be prepared for each county in which such district may lie and such certificates shall be delivered to the township treasurer who receives the tax money of the district. It is the duty of such township treasurer to return a certificate to each of the county clerks of the counties in which a part of such district is situated. It further directs that on the first Monday of October annually, or as soon thereafter as may be practicable, the county clerk of each of such counties shall ascertain the total equalized valuation of all the taxable property in that part of such district as shall lie in his county, and certify the amount thereof to the county clerk of each of the other counties in which such district may lie; "and from the aggregate of such equalized valuation, and from the certificate of the amounts so required to be levied, such clerk shall ascertain the rate per cent required to produce in such district the amount of such levy, and at that rate shall extend the special tax *Page 215 
to be levied for educational and building purposes in that part of such district lying in his respective county."
Appellant contends that the filing of the certificate was a jurisdictional matter and that without one having been filed with the county clerk of Whiteside county, that official was without authority to extend a tax. The tax against appellant's property was extended at the same rate and produced the same result as though the certificate had been filed. The county clerk of Whiteside county obtained information for the extension of such tax in the following manner. The county clerk of Whiteside county certified the total assessed value of all the property in said district, in said county, to the county clerk of Rock Island county and after receiving such certificate, the county clerk of Rock Island county certified to the county clerk of Whiteside county the total assessed valuation of all the taxable property within said high school district and the rates at which said taxes would need to be extended to produce the amount of taxes levied by the board of education as such amount was shown by the certificate of levy on file in the office of the county clerk of Rock Island county.
Prior to the amendment of the School Law in 1909 it was held that the certificate of the school directors or board of education constituted the levying of the tax, (Chicago andNorthwestern Railway Co. v. People ex rel. Axtell, 184 Ill. 240;People ex rel. Matthews v. Chicago and Northwestern Railway Co.183 Ill. 311; Chicago and Alton Railroad Co. v. People ex rel.Martin, 171 Ill. 544,) but since the amendment of section 190 of the School Law in 1909 it has been held that the action of the board in ascertaining the amount of money that must be raised by special tax for educational and building purposes is the act that levies the tax and that the certificate required by the statute to be signed by the president and clerk and filed with the town treasurer and county clerk is merely evidence of the levy.(People ex rel. Coffman v. Illinois Central *Page 216 Railroad Co. 314 Ill. 339; People ex rel. Pearsall v. Chicago,Milwaukee and St. Paul Railway Co. 310 Ill. 428; People ex rel.Williamson v. Cox, 301 Ill. 130.
In view of the foregoing holdings the purpose of requiring a certificate to be filed with the county clerk is to give that officer information necessary to the extension of a proper tax. It is his power to act, (People v. Cox, 301 Ill. 130,) and without such certificate he has no authority to extend the tax. It has been held that a county clerk has no power to levy taxes nor to determine whether taxes have been legally assessed. His duties in the extension of taxes are purely ministerial in character, (People ex rel. Smith v. National Plate Glass Co.344 Ill. 340; People ex rel. Carr v. Pittsburgh, Cincinnati, Chicagoand St. Louis Railway Co. 316 Ill. 410,) and he has no authority to substitute the certificate of another official for the one prescribed by the statute.
Appellee refers to the last sentence in section 190 (par. 213) which prescribes: "A failure by the school board to file a certificate, or of the treasurer to return it to the county clerk in the time required, shall not vitiate the assessment." It is argued that such provision sustains the tax that was extended against appellant's property in Whiteside county. The meaning of such provision is that the failure of the school board to file with the county clerk in the time required by statute or to file the certificate with the treasurer in the time fixed by statute will not vitiate the assessment. It can not be given the meaning of sustaining an assessment extended by a county clerk where there was no certificate on file in his office when the tax was extended.
During the hearing on the objections, appellee was given permission to file a proper certificate with the county clerk of Whiteside county. A certificate filed months after the tax was extended can not be considered as meeting the statutory requirement that there must be a certificate filed *Page 217 
with the county clerk before he is authorized to extend a tax.
For the reasons assigned, the judgment is reversed as to the tax levied by Fulton township for "Home Relief, (including veterans)" and the tax extended for high school district No. 215, and the cause remanded with directions to proceed in accordance with the views expressed.
Reversed and remanded, with directions.