This is an appeal from an order of the county court of St. Clair county, sustaining objections of the appellee, Illinois Central Railroad Company, to taxes extended against its property. The taxes involved are the road and bridge tax of the township of Centreville in said county. The villages of Monsanto and Cahokia lie wholly within the said township. The case was submitted upon an agreed statement, so that no dispute arises over the facts involved.
On June 30, 1942, the highway commissioner of the town of Centreville adopted a budget and appropriation ordinance for the fiscal year beginning March 31, 1942, and ending March 29, 1943, pursuant to section 3 of the Illinois Municipal Budget Law. (Ill. Rev. Stat. 1941, chap. 120, par. 365.3.) It was prepared upon a form furnished by the Illinois Tax Commission. On September 1, 1942, the highway commissioner made a certificate of levy for the 1942 road and bridge taxes for said township amounting to $68,000, which was later approved by the board of supervisors.
The ordinance showed that the township of Centreville operated on a cash basis without anticipation warrants. It further showed that the estimated receipts, including cash on hand, balance due from others to be collected during the year 1942, money to be received from the 1941 levy, when collected, rental of machinery and closed bank dividends, amounted, in all, to the sum of $58,783.56. This amount was arrived at after the highway commissioner had deducted $25,000, which amount went to the two villages above mentioned. Therefore, the net amount of $58,783.56 was available for appropriation for the fiscal year of the township, beginning March 31, 1942, and ending March 29, 1943. The total amount of the estimated expenditures and of appropriations for that period was $58,000. *Page 476 
The foundation for the objections filed by the appellee on application for judgment for the delinquent taxes of 1942 was as follows: That in said ordinance there were four items of the road and bridge taxes appropriated for in amounts shown below, whereas the amounts levied for the same items were in excess of the sums appropriated and, therefore, the amounts levied over the respective appropriations were unauthorized and void. The specific items, being the amount appropriated, the amount levied and the amount of excess levy, are shown by the following table:

 Amount Amount Excess
 Item appropriated levied levy
Construction of roads ....... $ 5,000 $ 7,500 $ 2,500
Maintenance of roads ........ 15,000 27,500 12,500
Maintenance of bridges ...... 3,000 5,000 2,000
Prevention and extirpation of
 weeds ..................... 2,500 4,000 1,500
 -------- -------- --------
 Total ..................... $25,500 $44,000 $18,500

The objection of the Illinois Central Railroad Company was made to the difference between the road and bridge levy and the same items in the so-called budget, amounting to $18,500. The county court of St. Clair county sustained the objection of the appellee, in the amount of $430.11.
It was the contention of the objector that the budget and appropriation ordinance was a limitation upon the amount of tax that could be levied by the highway commissioners and any levy in excess of the appropriation is void.
The appellant maintains that, in case of road and bridge taxes, the law has never required an appropriation ordinance as a basis for a tax levy, and that the Municipal Budget Law, when construed with the road and bridge laws, would not be considered as changing its requirement; further, that the tax levy for road and bridge purposes is a single levy made for the entire township and must be made for the purposes enumerated in section 50(b)(3) of the *Page 477 
Roads and Bridges Act (Ill. Rev. Stat. 1941, chap. 121, par. 56,) which includes the sums going to the villages within the township as well as that part to be spent outside the villages for road and bridge purposes. Appellant also contends the budget and appropriation ordinance is for a different year than the year in which taxes levied are to be expended; that the budget pertains to the year commencing March 31, 1942, and ending March 29, 1943, whereas the tax levy objected to is for a calendar year beginning January 1, 1942, and ending December 31, 1942, and hence the budget and appropriation cannot be a limitation upon taxes levied for a different period of time. We think the ordinance shows that practically nothing would be received during the fiscal year from the 1942 road and bridge tax levy, which is adopted in September of the calendar year for which expenditures are to be made. Taxes so levied are not actually collected until sometime during the following calendar year.
This exact question was considered and decided this day inPeople ex rel. Manifold v. Wabash Railroad Co. ante, p. 403, the opinion in which case holds that under similar circumstances none of the taxes levied in 1942 will be available in cash within the fiscal year 1942, because none of the collections will occur before April, 1943. We agree with the statement in that case that the question for determination is whether the so-called budget and appropriation ordinance is, in fact, an appropriation of the taxes to be collected for the calendar year of 1942, when the only moneys estimated and to be expended are those derived from the tax levy of 1941, or from sources other than the taxes of 1942.
The issue presented in this case is precisely the same as the one presented and decided in said case of People ex rel. Manifold
v. Wabash Railroad Co. ante, p. 403, and we adopt the reasoning and conclusions found in that decision, which are controlling in the present case. It was *Page 478 
there held that in his ordinance the commissioner only budgeted the money on hand or available, and appropriated it proportionately as far as it would go upon road and bridge expenses, without reference or relation to the 1942 tax levy. With this pronouncement we agree.
The judgment of the county court of St. Clair county is, therefore, reversed, and the cause remanded, with directions to overrule the objections filed by the appellee.
Reversed and remanded, with directions.