574

(No. 32876.— )

THE PEOPLE *ex rel.* George E. Ruchty, Jr., County Collector, Appellee, *vs.* CHICAGO AND NORTH WESTERN RAILWAY COMPANY, Appellant.

*Opinion filed September 24, 1953—Rehearing denied Jan. 18, 1954.*

HADLEY & LEREN, of Wheaton, and NELSON TROTT-
MAN, of Chicago, (LOWELL HASTINGS, of counsel,) for
appellant.

WILLIAM L. GUILD, State's Attorney, of Wheaton,
(ROBERT J. SCOTT, and CARLTON L. FISCHER, of counsel,)
for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the
court:

The Chicago and North Western Railway Company,
appellant, filed timely objections to certain taxes extended
against its property for the educational and building funds
of school district No. 36. The county court of Du Page
County overruled the objections and entered judgment in
favor of the county collector. The appeal is direct to this
court.

Two questions are here involved: one, whether a school
district whose maximum expendable educational rate is
47.2 cents may, under the Hodge amendment, (Ill. Rev.
Stat. 1951, chap. 120, par. 643a(3),) accelerate its rate
to a maximum of $1.125 without successive rate referenda
under the provisions of article 17 of the School Code, (Ill.
Rev. Stat. 1951, chap. 122, par. 17-1 *et seq.*;) and the
other, whether the budget and appropriation ordinance for
the fiscal year commencing July 1, 1949, (containing esti-
mated receipts and disbursements from a previous levy)
affects the validity of the 1949 levy.

The cause below was heard upon exhibits and stipula-
tions. An election was had on August 11, 1945, to increase
the maximum rate for educational purposes to $2.25. This
rate was reduced to 47.2 cents by applying the formulas
for the computation of tax rates under section 162a of the
Revenue Act. (Ill. Rev. Stat. 1951, chap. 120, par. 643a.)
It is not necessary to go into the computation of such
formulas since it is stipulated that, until an election was

held subsequent to August 11, 1945, formula B would produce a rate of 47.2 cents. An election was subsequently held on April 12, 1947, which was admittedly illegal and void.

The only other referendum, out of which this dispute arises, was held on May 7, 1949. It purportedly authorized an increase in maximum rate to $1.125, and, based upon the amount levied of $275,000, the rate extended was 73.3 cents. The objection to the educational levy (item 16) was to the extent of $1317.44, which amount represented the difference in taxes produced between the 73.3 cents rate extended and the maximum allowable if the referendum of May 7, 1949, was ineffective. Such objection is based upon the failure of district No. 36 to follow the statutory requirements of article 17 of the School Code, which provides for successive referenda to raise the maximum rate step by step.

Similar objections have been made and passed upon by this court in *People ex rel. Ruchty* v. *Chicago, Milwaukee, St. Paul and Pacific Railroad Co.* 408 Ill. 480; *People ex rel. Ross* v. *Chicago, Burlington and Quincy Railroad Co.* 411 Ill. 60, and *People ex rel. Harding* v. *Chicago and North Western Railway Co.* 413 Ill. 93. We held in the *Ruchty case* that it was necessary for the school authorities to go through the successive steps provided in article 17 of the School Code and that increased rates could be legally authorized by referendum only by first taking the last previous step therein provided for. In both the *Ross* and *Harding cases* the decision in the *Ruchty case* was held to be controlling, even though both cases involved the validity of elections held subsequent to the effective date of the Hodge amendment, and the objections were sustained.

The only point of difference raised by appellant between the cases last referred to and the case at bar is that the elections in those cases were held under the procedure provided in the School Code, while here the referendum was

conducted under the Hodge amendment. The contention is that subparagraph (3) thereof repealed the proviso restricting the holding of referenda under the Butler Act, and that its referendum provisions cannot be construed as being subject to the provisions of the School Code where the election is held under the Hodge amendment.

Appellee directs attention to subparagraph five of the Butler Act (Ill. Rev. Stat. 1945, chap. 120, par. 643a,) prior to the adoption of the Hodge amendment, which contained the following proviso: "No proposition to increase a tax-rate limit in accordance with the provisions of this section shall be submitted unless the tax-rate limit in question stands at the maximum that may be secured by the terms of any referendum elsewhere provided for by law," and contends that by the Hodge amendment the referendum provisions of the Butler Act were altered in subsection (3) by eliminating the above-quoted proviso, and substituting the following: "No proposition to increase a tax-rate limit above that provided by this Section, shall increase the tax-rate limit to more than the *maximum* tax-rate limit, whether available by referendum or otherwise, afforded by the terms of any other applicable statutory provision: Provided, if such applicable statutory provision contains no provision for an increase by referendum, a proposition for an increase of not to exceed 25% in such tax-rate limit may be submitted in accordance with this subsection (3)."

We fail to see how the minor differences between the referenda procedures of the Hodge amendment and that prescribed by the School Code have any significance upon the substantive question of whether the maximum rate may be reached without the successive steps prescribed in the School Code. The word "maximum" in subsection (3) does not mean the maximum ultimately obtainable under the School Code after compliance with all of the successive steps, but means the rate to be reached by the next successive rate step upward which the school district is entitled to

take. To hold otherwise would be to ignore entirely the words, "available by referendum" and the phrase, "applicable statutory provisions," the latter referring in this case to the School Code. The two acts must necessarily be construed together in order to carry out the plain legislative intent. Since the rate extended was, to the extent of 26 cents, excessive, appellant's objections to the amount of $1317.44 should have been sustained.

The other objection was to the building fund levy (item No. 17). The budget and appropriation ordinance, for the year 1949, adopted by school district No. 36, on July 5, 1949, aggregating $49,800 (for building fund) contained an item for bonded debt service of $10,000. It was stipulated that there was no building bond resolution on file for levy of a tax for that year to cover principal of or interest on maturing bonds and that a bond resolution of July 29, 1935, contained a levy for each of the years 1935 to 1948 inclusive, the levy for the last year amounting to $10,400. The last bond maturity was October 1, 1949. The board of education certified a levy of $50,000 for building purposes on August 17, 1949.

The basis of appellant's objection is that the levy was, to the extent of $10,200, illegal in that it was to that amount greater than the legal budget, and that since the last of the bonded debt had been levied in the year 1948 it constituted a double levy to again levy for that purpose. *People ex rel Larson* v. *Thompson,* 377 Ill. 104, is relied upon strongly to sustain this objection. In that case the levies of five school districts and a fire protection district were challenged upon the ground that the amount of taxes extended exceeded the amount appropriated in the budget and appropriation ordinances passed by the several districts. We there sustained the objections to the school levies and said, at page 118: "The appropriation ordinances circumscribe the purposes for which taxes may be raised and constitute a limitation on the amounts to be raised. A school

district having adopted a budget and appropriation ordinance is limited by its terms both as to purposes and amounts. In such case it has, in compliance with the statute, determined the purposes for which taxes shall be raised for the current year and the amount which shall be used for each purpose. It has no power to exceed those amounts."

Appellee takes the position that the Illinois Municipal Budget Law requires the preparation of a budget and appropriation ordinance for the fiscal year commencing July 1, 1949, and that it should contain an estimate of the expected receipts from all sources and an estimate of the expenditures contemplated in such fiscal year, including among anticipated receipts the entire proceeds of the 1948 bond levy, and, among expenditures therefrom, the principal of the bonds payable October 1, 1949. It is alleged that the board of education estimated that none of the 1949 levy would be available until after the close of the fiscal year. In support of the validity of the levy appellee cites several decisions rendered subsequent to the *Thompson case.*

In *People ex rel. Manifold* v. *Chicago, Burlington and Quincy Railroad Co.* 386 Ill. 56, an objection was made to school district levies upon the ground that the budgets were adopted after the levy dates. The objections were overruled on the ground that the filing of the budget is not a condition precedent to the filing of the tax levy, except where the beginning of the fiscal year is subsequent to the time of the tax levy for that year. It should be noted that we there said, in commenting upon the *Thompson case,* that where the appropriation had been made, no expenditure in excess of same would be permissible.

Appellee cites *People ex rel. Manifold* v. *Wabash Railroad Co.* 389 Ill. 403. That case involved a challenge to the road and bridge tax of three townships, each of which had adopted a budget ordinance fixing the fiscal year as beginning March 31, 1942. The annual appropriation ordinance was adopted June 30, 1942, and the highway commis-

sioners made certificates of levy in September, 1942, for the 1942 road and bridge taxes since no part of the 1942 levy would be available for the townships' fiscal year. We there took the view that the budget and appropriation ordinance was not an appropriation of 1942 taxes. Our decision rendered in *People ex rel. Prindable* v. *Illinois Central Railroad Co.* 389 Ill. 474, rested upon the same basis.

*People ex rel. Ammann* v. *Wabash Railroad Co.* 391 Ill. 200, was another township case and the *Thompson case* was distinguished, since some of the funds included in the levy went to the city of Decatur. All of the cases cited by appellee are distinguishable from the *Thompson case,* which has never been overruled. The principles there enunciated apply to the case at bar.

While counsel make the statement that part of the 1949 levy will be collected during the fiscal year, the record does not affirmatively bear out that statement. The budget does list as a receipt the sum of $30,000 from sale of warrants in anticipation of 1949 taxes. In addition to that amount the estimated receipts show income from taxes levied in prior years of $20,000, or a total of $50,000, which is the full amount of the budget. The budget included $10,000 for debt service which had previously been levied, and the net result would be that the budget would produce a cash surplus greater than that estimated by the amount of $10,200. We are of the opinion that appellant's objection to the building fund levy to the extent of $138.33 should have been sustained.

The judgment of the county court is reversed and the cause is remanded to the county court of Du Page County with directions to sustain both of appellant's objections.

*Reversed and remanded, with directions.*