(No. 28219.

THE PEOPLE *ex rel.* A. R. Manifold, County Collector, Appellant, *vs.* THE WABASH RAILROAD COMPANY, Appellee.

*Opinion filed January 17, 1945—Rehearing denied March 19, 1945.*

SAMUEL JOSEPH NAYLOR, State's Attorney, of Carthage, for appellant.

JOHN W. WILLIAMS, and HOMER H. WILLIAMS, both of Carthage, and L. H. STRASSER, of St. Louis, Mo., for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

This is an appeal from an order of the county court of Hancock county sustaining objections of the appellee,

the Wabash Railroad Company, to judgment for delinquent taxes. The taxes involved are the road and bridge tax of the townships of Montebello, Chili and Prairie, in said county. There is also involved a levy made by the city of Carthage for judgment refunding bonds at a rate in excess of 67 cents extended for corporate purposes. This objection was also sustained by the trial court.

The issue involved in the road and bridge tax is substantially the same in each of the townships. Each township adopted a budget ordinance in accordance with the provisions of the Municipal Budget Law. (Ill. Rev. Stat. 1943, chap. 120, pars. 365.1-365.5.) This ordinance fixed the fiscal year of the townships as beginning on March 31 of the year 1942 and extending to March 29, 1943. They were prepared upon a form furnished by the Illinois Tax Commission. Section 3 of this form embodies what is designated as an Annual Appropriation Ordinance. This ordinance and budget was adopted June 30, 1942, and after its adoption the several highway commissioners in September, 1942, made certificates of levy for the 1942 road and bridge taxes on a form furnished by the tax commission.

Using the facts involving the town of Montebello as an example, the estimated receipts, including the money on hand, money to be received from the 1941 levy when collected, and rental of machinery, amounted, in all, to $3721.81. The amount of the 1941 taxes available was determined by estimating the net amount after deducting the share of a city or village in the township. The estimated expenditures were for the fiscal year and aggregated $3700, showing an operating balance of $21.81. These were followed by an appropriation for road and bridge purposes for said *fiscal* year, of a total of $3700. Among the sums appropriated was that of maintenance of roads in the sum of $2000. The certificate of levy for the taxes of 1942 was $9354.71, and among the uses speci-

fied was maintenance of roads $5800. The objection was made to the difference of $3800 between the maintenance-of-roads item in the levy of $5800 and the maintenance-of-roads item in the so-called budget in the sum of $2000, and sustained by the court. It is to be noted that in the estimate of receipts from the taxes of 1941 the city or village share in the sum of $3390 was deducted.

It was the contention of the objector that the budget and appropriation ordinance was a limitation upon the amount of tax that could be levied by the highway commissioners, and any levy in excess of the appropriation is void, and that a levy made for an item for which no appropriation appeared is also void. The appellant contends that, in the case of road and bridge taxes, the law has never required an appropriation ordinance as a basis of a valid tax levy; that the Municipal Budget Law, when construed with the road and bridge laws, should not be considered as changing its requirement, and also contends that a provision of the Municipal Budget Law provides that a failure to comply with it does not affect the validity of a tax otherwise valid. Ill. Rev. Stat. 1941, chap. 120, par. 365.4.

Appellant also contends the budget and appropriation ordinance is for a different year than the year in which taxes levied are to be expended; that the budget pertains to the year commencing March 31, 1942, and ending March 29, 1943, whereas the tax levy objected to is for a calendar year beginning January 1, 1942, and ending December 31, 1942, and hence the budget and appropriation cannot be a limitation upon taxes levied for a different period of time.

In each of the townships involved the commissioner of highways was operating on a cash basis, and not on a deferred or deficit basis. Section 3 of the Budget Statute provides the budget may be made according to whether the municipality is operating upon a cash or a deficit basis. Since the decisions of *Edwards* v. *City of Springfield,* 84

Ill. 626, *Law* v. *People,* 87 Ill. 385, and *Fuller* v. *Heath,* 89 Ill. 296, the terms "cash basis" and "deficit basis," as applied to operating from tax revenue, have a well-understood meaning. Taxes for road and bridge purposes are levied in September of the calendar year for which expenditures are to be made. Owing to other statutory proceedings, preliminary to collection, taxes so levied are not actually collected until some time in the following calendar year. If sufficient cash is not on hand the expenses of the municipality are paid by anticipating, *i.e.,* by assigning a part of such taxes so levied for ready money to discharge current. bills, or, in many instances, the tax warrant itself is delivered in discharge of the bill. This is known as a deficit basis, and has received approval in the above cases.

The cash basis, on the other hand, means that current expenses for a calendar year are paid from the proceeds of taxes of former years or other available funds. Many municipalities, by good management, or by obtaining money from other sources than taxes, have built up a cash surplus, or have unexpended funds from levies of former years, sufficient to pay cash as they go, without reliance upon the taxes to be levied for such calendar year. The taxes for such year, when collected, provide the cash fund for operating on a cash basis the expenses of the following year. This is known as operating on a cash basis, and appellant was so operating, and was able to pay all expenses for the year 1942, without using any part of the levy of taxes for the year 1942.

An examination of the budget ordinance reveals beyond any question that it estimates and appropriates for the fiscal year the uncollected taxes of 1941, the cash on hand, and what may be earned by leasing farm machinery during the fiscal year. It expressly excludes any money that might be derived from anticipating taxes levied for the year 1942. It is also to be noted that the sum of $3390 available to be collected out of 1941 road and bridge tax is

not included in this appropriation, but is deducted as being the city or village share of the tax levied for the year 1941. The evidence also shows that none of the taxes levied in 1942 will be available in cash within the fiscal year 1942, because none of the collections will occur before April, 1943.

Under these facts the real question for determination is whether the so-called budget and appropriation ordinance is in fact an appropriation of the taxes to be collected for the calendar year 1942, when the only moneys estimated and to be expended are those derived from the tax levy of 1941, or from sources other than the taxes of 1942.

It must be apparent the budgeting and appropriation of moneys on hand, or from the revenues of prior years cannot be considered as the appropriation of 1942 taxes, not to be expended during that year. The reasons are obvious. (1) It involves the budgeting of cash from a previous levy; (2) it does not involve all of the 1941 levy but excludes that part of the levy distributable to a city or village under the road and bridge law; (3) it neither estimates, appropriates nor purports to expend any part of the money to be derived from the current levy, and expressly shows no part of 1942 taxes is to be anticipated, and (4) if the contention of appellee is sound, the 1942 levy is void for being excessive, because, construing the budget as appellee does, the district has on hand, in cash or from the 1941 levy, all of the money necessary to pay all appropriations for 1942, without the necessity of a new tax levy, or, in other words, would render a municipality unable to operate on a cash basis. All of which goes to prove the commissioner only budgeted the money on hand or available, and appropriated it proportionately as far as it would go upon road and bridge expenses, without reference or relation to the 1942 tax levy.

Appellee refers to and relies upon *People ex rel. Larson* v. *Thompson,* 377 Ill. 104, but that case is not in point because the appropriation of money on hand was not involved. In the present case there is no proof the expenditures of any of the levy of 1942 were to be made during the fiscal year commencing March 31, 1942, and ending March 29, 1943, for which the appropriation objected to was made. The present appropriation and budget ordinance disposes of money raised by the taxes of 1941, a different tax year from that of 1942, the one to which the tax objections are directed.

We pointed out in *People ex rel. Manifold* v. *Chicago, Burlington and Quincy Railroad Co.* 386 Ill. 56, that combined annual budget and appropriation ordinances may be made for fiscal years which may not be the same as calendar years, because the principal object was to provide a uniform system of accounting for moneys received from all sources; and also have held that the statute authorizing a levy of taxes is independent of the County Budget Act. (*People ex rel. Rockwell* v. *Chicago, Burlington and Quincy Railroad Co.* 386 Ill. 114.) It follows, therefore, that a budget and appropriation ordinance providing only for expending cash or cash items on hand of a previous year cannot be considered as a budget of the revenue to be derived from a subsequent levy, and was in effect no budgeting under the law of the funds to be derived from the levy of 1942. This does not invalidate the levy under section 4 of the act.

The objections to the levy in the other two townships are similar to those of Montebello township, with the addition that in both of said townships there was an item in the tax levy for the purchase of machinery, and there was no estimate of expenditure of the money on hand for purchase of machinery. This would make no difference in the validity of the levy because, as we pointed out above,

the appropriation and budget ordinance pertained to itemizing and distributing cash on hand, and not that to be levied.

Objection was also sustained by the county court to a levy made by the city of Carthage for bonded indebtedness. In 1942, the city of Carthage made a levy for general corporate purposes in the sum of $12,350, for which a tax was extended at the rate of 67 cents. In the same year the city of Carthage levied $1195 for carrying principal and interest on judgment funding bonds, series 1941, for which the county clerk extended a separate rate of 10 cents. These judgment funding bonds were issued under resolution of the city council to fund a circuit court judgment against the said city in the sum of $6003.28. These bonds were dated August 15, 1941. It was contended they should be paid out of the general corporate purpose tax of 67 cents on the one hundred dollars.

The statute fixing the limitation of taxes (Ill. Rev. Stat. 1941, chap. 24, par. 16-1,) contains the following provision: "In municipalities with not to exceed 500,000 inhabitants, the aggregate amount of taxes so levied for any one year, exclusive of the amount levied for the payment of bonded indebtedness, or interest thereon, * * * shall not exceed the rate of two-thirds (⅔) of one per cent upon the aggregate valuation of all property within the municipality subject to taxation therein, as the property is equalized for State and county purposes for the current year." The fact the indebtedness was once in the form of a judgment, but was funded by the issuance of bonds as authorized by law would not prevent the indebtedness from being a bonded indebtedness, and therefore within the exception of the statute. The court erred in sustaining this objection. *People ex rel. Means* v. *Hines,* 293 Ill. 419.

In view of the foregoing, the judgment of the county court of Hancock county is reversed and said cause remanded, with directions to overrule the objections.

*Reversed and remanded, with directions.*