(No. 33198.—

THE PEOPLE *ex rel.,* A Lincoln Stanfield, County Collector, *et al.,* Appellants, *vs.* PENNSYLVANIA RAILROAD COMPANY, Appellee.

*Opinion filed September 23, 1954.*

WAYNE S. JONES, State's Attorney, and LAUHER & FRUIN, both of Paris, (ROGER FRUIN, of counsel,) for appellants.

WARD E. DILLAVOU, of Paris, for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Pennsylvania Railroad Company, defendant-appellee, hereinafter called objector, having previously paid its taxes in full under protest, filed an objection to a portion of the levy made for educational purposes by Community Unit School District No. 2 of Edgar County, which, with the

People *ex rel.* A. Lincoln Stanfield, County Collector, are plaintiff-appellants. The county court of Edgar County sustained the objection. A direct appeal was taken to this court, a matter relating to revenue being involved.

The basis for the objection to the levy made for educational purposes and the rate extended therefore is that the district in determining the tax levy failed to consider all revenue from sources other than taxes, as shown in its annual budget and appropriation ordinance, thereby imposing a tax upon the objector for that portion of the appropriation which is to be financed from sources of revenue other than taxation.

The district adopted on August 26, 1952, a combined budget and appropriation ordinance for the fiscal year beginning July 1, 1952, and ending June 30, 1953. The amount of the estimated receipts as shown by the budget was $274,778.45. Of this amount, the budget listed expected miscellaneous receipts of revenue from sources other than taxation in the sum of $58,467.71. The total appropriation was $275,000. On the same day, August 26, 1952, a levy was made for $240,000.

The position of the objector is that the levy was excessive by $23,467.71. Said sum represents the difference between the levy of $240,000 and the appropriation less the estimated miscellaneous revenue, or $275,000 less $58,467.71.

Previous to 1951, the district had been operating on a cash basis. The 1951 levy did not provide sufficient funds for the school year 1952-53, so when the 1952-53 budget was prepared it was estimated that $60,000 would have to be anticipated from the 1952 levy. Actually, $50,000 was anticipated from the 1952 levy by the sale of anticipation warrants.

The cash balance of the district on July 1, 1952, was $6,310.84, and on June 30, 1953, it had a cash balance of $4,897.96.

The record discloses that both the levy and the combined budget and appropriation ordinance were adopted on August 26, 1952, but the order of their adoption does not appear. We have assumed, however, for the purpose of this opinion, that the adoption of the combined budget and appropriation ordinance preceded that of the levy.

This case raises the question of whether or not a school district is limited in its tax levy to the amount of its budget less sums to be available from sources other than taxation. In order to determine this question it is necessary to consider the relationship, if any, between the budget and the levy.

First, is the adoption of a budget a condition precedent to a valid tax levy? In some taxing districts, notably cities and villages, there can be no valid ordinance levying taxes unless there is an appropriation ordinance in force at the time. (See *People ex rel. Larson* v. *Thompson,* 377 Ill. 104, 109.) As regards school districts, however, this court has said that in only one instance is it necessary that the budget and appropriation ordinance be in force at the time of making the levy, namely, when the beginning of the fiscal year is subsequent to the time of the tax levy for that year. (Ill. Rev. Stat. 1953, chap. 122, par. 17-1; *People ex rel. Prindable* v. *New York Central Railroad Co.* 397 Ill. 50, 53-54; *People ex rel. Manifold* v. *Chicago, Burlington and Quincy Railroad Co.* 386 Ill. 56, 60.) Since the fiscal year of the district herein considered began on July 1, 1952, and the levy was not made until later, August 26, 1952, it was not necessary that the budget be in force at the time of making the levy. When in this opinion unqualified reference is made to a school district, we refer to a district with less than 500,000 inhabitants, as is the defendant district. For it is to be noted that a different rule prevails for a district with a population in excess of 500,000, which is the school district of the city of Chicago. In the latter district the levy is limited by the budget, and

the adoption of the budget is a condition precedent to a valid levy. (Ill. Rev. Stat. 1953, chap. 122, pars. 34-46 to 34-56; *People ex rel. Schlaeger* v. *Dennis & Co.* 397 Ill. 381; *People ex rel. Schlaeger* v. *Siebel,* 388 Ill. 98; *People ex rel. Toman* v. *Estate of Otis,* 376 Ill. 112; *People ex rel. Lindheimer* v. *Hamilton,* 373 Ill. 124.) In *People ex rel. Schlaeger* v. *Siebel,* the court said, at page 106: "The purpose of the requirements of the budget law is to furnish the taxpayer information as to the amount which is available and for which no current levy will be needed, as well as the amounts to be levied and expended."

Prior to 1951, school districts under 500,000 inhabitants were subject to the provisions of the Illinois Municipal Budget Law. (Ill. Rev. Stat. 1953, chap. 120, par. 365.1 *et seq.*) Under this act, a district was directed to file a combined budget and appropriation ordinance within or before the first quarter of each fiscal year. The 1951 legislature exempted school districts from this act but added a provision in the School Code relating to the annual budget of a school district. (Ill. Rev. Stat. 1953, chap. 122, par. 17-1.) In the latter statute a school district is directed to adopt an annual budget within or before the first quarter of each fiscal year, but no mention is made as to their being required to adopt an appropriation ordinance. The requirements as to the material to be contained in the budget are similar, but the provisions relating to public inspection of the tentative budget, notice and hearing are not. Under the Illinois Municipal Budget Law, the budget of the municipality must be made available for public inspection at least one week prior to final action thereon, and notice must be given at least one week prior to final hearing on its adoption. In the School Code the district must make the budget available for public inspection for at least thirty days prior to final action thereon, and notice of final hearing must be given at least thirty days prior to the time of such hearing.

In *People ex rel. Manifold* v. *Chicago, Burlington and Quincy Railroad Co.* 386 Ill. 56, this court said, at page 60, in reference to the Illinois Municipal Budget Law that "the legislature desired conformity in the manner of budgeting expenses throughout the State, and the publication of information that would require municipalities to use the money for the purposes appropriated and inform the tax-payers as to the amount and the use for which taxes were raised, but there is no indication that the budget was to be a preliminary requirement to the levying of a tax." It, therefore, seems clear that the adoption of a budget is not a condition precedent to a valid tax levy.

Second, granting that a school district need not adopt a budget before the levy, with the single exception noted above, if the district does, in fact, adopt a combined budget and appropriation ordinance, does this ordinance limit the amount of the levy?

There is language in some decisions of this court which indicates an affirmative answer to this question. For example, in *People ex rel. Ruchty* v. *Chicago and North Western Railway Co.* 1 Ill. 2d 574, at pages 578-9, the following quotation is made from *People ex rel. Larson* v. *Thompson:* "The appropriation ordinances circumscribe the purposes for which taxes may be raised and constitute a limitation on the amounts to be raised. A school district having adopted a budget and appropriation ordinance is limited by its terms both as to purposes and amounts. In such case it has, in compliance with the statute, determined the purposes for which taxes shall be raised for the current year and the amount which shall be used for each purpose. It has no power to exceed those amounts."

Counsel for the objector argues that the *Ruchty case* and the *Thompson case* are determinative of the issues herein. As stated above, there is language in these cases which supports his contention. However, we do not believe

those cases are decisive here. Each decision concerns an interpretation of the Illinois Municipal Budget Law, under which school budgeting was governed prior to 1951. The 1951 legislature, in exempting school districts from this law and adding a new section to the School Code relative to school budgets, has further manifested its intention regarding the lack of any relationship between the school budget and the tax levy. In the new section (Ill. Rev. Stat. 1953, chap. 122, par. 17-1,) all reference to an appropriation ordinance is omitted. A school district is not now required to set out its budget in the form of an ordinance. This seems to add additional weight to the previously expressed opinion of this court that a school budget is not a part of the tax-levy process, but is designed ordinarily to furnish information to the public and limit the amount of actual expenditures. See *People ex rel. Manifold v. Chicago, Burlington and Quincy Railroad Co.* 386 Ill. 56, 61. Moreover, the budget of the district may be amended, the statute providing: "The board may from time to time amend such budget by the same procedure as is herein provided for its original adoption." (Ill. Rev. Stat. 1953, chap. 122, par. 17-1.) The power to amend the budget must accord the district power to increase items of the budget, and since the levy might be adopted before the budget is amended, it would seem reasonable to conclude that the legislature did not intend the budget to be a limitation on the levy.

Contrasting the situation of school districts with that of cities and villages illustrates further what we believe to be the correct interpretation of section 17-1 of the School Code. For in section 16-1 of the Revised Cities and Villages Act it is provided: "* * * the corporate authorities -shall ascertain the total amount of appropriations legally made for all corporate purposes to be provided for by the tax levy of that year. Then, by an ordinance

specifying in detail the purposes for which the appropriations have been made and the amount appropriated for each purpose respectively, the corporate authorities shall levy not to exceed the total amount so ascertained upon all property subject to taxation within the municipality as that property is assessed and equalized for State and County purposes for the current year." (Ill. Rev. Stat. 1953, chap. 24, par. 16-1.) No such express relationship between the budget and the levy is spelled out in the School Code, nor do we believe any should be implied.

If, as we believe, the intent of the legislature was that a school district need not file a budget and appropriation ordinance (under the Illinois Municipal Budget Law) or a budget (under the School Code) prior to the tax levy, unless the beginning of the fiscal year commences after the time for filing the levy, it would seem to necessarily follow that it was not the intention of the legislature to limit the levy by the amounts shown to be necessary by the combined budget and appropriation ordinance or the budget alone. Otherwise, we would have the anomalous situation of a school district not being required to adopt a budget and appropriation ordinance or a budget at all prior to a particular levy, and then having the amount of that levy limited by such ordinance or budget. To so hold would be to say there is a relationship between the budget and the levy, when, as we have explained above, the Illinois cases say there is no such relationship. We conclude, therefore, that the budget of a school district does not limit the amount of the tax levy.

The judgment of the county court of Edgar County is reversed, and the cause is remanded with directions to overrule the objection.

*Reversed and remanded, with directions.*