THE PEOPLE *ex rel.* JOHN J. WEBER, County Treasurer and *ex officio* Tax Collector of Will County, Plaintiff-Appellee, v. COMMONWEALTH EDISON COMPANY, Defendant-Appellant.

Third District    Nos. 3—96—0552 through 3—96—0554 cons.

Opinion filed April 16, 1997.

Douglas F. Spesia (argued) and John M. Spesia (argued), both of Spesia, Ayers, Ardaugh & Wunderlich, of Joliet, for appellant.

James Glasgow, State's Attorney, of Joliet (John A. Urban (argued), Assistant State's Attorney, of counsel), for appellee.

Stuart L. Whitt (argued) and Susan Schneider Russo, both of Law Offices of Stuart L. Whitt, of Aurora, for Reed-Custer Community Unit School District No. 255-U.

PRESIDING JUSTICE LYTTON delivered the opinion of the court:

Commonwealth Edison Company objects to paying real estate taxes levied by the Reed-Custer Community Unit School District No. 255-U in 1991, 1992 and 1993. The collection of the levies is the responsibility of the treasurer of Will County, who serves as *ex officio* tax collector. The circuit court found against Commonwealth Edison and in favor of the district and collector. Commonwealth Edison appeals. We affirm.

## I

In September 1991, the school district adopted a budget for fiscal year (FY) 1991-92. In December of 1991, the district adopted a levy for taxes that were due for 1991 but were to be paid in 1992. The proceeds from these 1991 taxes were used to finance expenditures during FY 1992-93. None of the proceeds from the 1991 levy were

used to finance expenditures made during 1991. The district used a similar chronology for adopting budgets and imposing levies for the following two years.

Commonwealth Edison filed three tax objections, alleging that the district's levies in 1991, 1992 and 1993 were void because they violated section 17—1 of the School Code. 105 ILCS 5/17—1 (West 1992). All of the parties filed motions for summary judgment, and the circuit court entered judgment in favor of the district and the collector.

## II

■ A circuit court may properly grant a motion for summary judgment if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact. 735 ILCS 5/2—1005(c) (West 1994). Where an appeal is taken from a judgment granting summary judgment, the appellate court reviews the matter *de novo*. *Onsen v. Commonwealth Edison Co.*, 261 Ill. App. 3d 271, 272, 642 N.E.2d 1285 (1994).

■ The burden of establishing facts to support a tax objection is on the objector. There is a strong presumption in favor of the taxing authorities' proper exercise of their duties and the presumption must be overcome by clear and convincing evidence. *In re Application of Rosewell*, 159 Ill. 2d 393, 414-15, 639 N.E.2d 559, 568 (1994). Except to prevent an abuse of discretion, courts will not interfere with the exercise of sound business judgment on the part of taxing authorities. *Rosewell*, 159 Ill. 2d at 402, 639 N.E.2d at 563, quoting *People ex rel. Scheafer v. New York, Chicago & St. Louis R.R. Co.*, 353 Ill. 518, 523-24, 187 N.E. 443 (1933).

■ Thus, abuse of discretion is the proper standard for courts to apply in reviewing levy ordinances. *Rosewell*, 159 Ill. 2d at 402, 639 N.E.2d at 563. However, if the challenged levy is void, in the sense that the taxing body exceeded its lawful authority in imposing the levy, the courts may sustain taxpayers' objections without resort to the abuse of discretion standard. This is because the taxing body lacks discretion to impose an unlawful levy. *Rosewell*, 159 Ill. 2d at 400, 639 N.E.2d at 562.

Accordingly, we review this case first to determine if the levies imposed were void under a *de novo* standard. Also, since we find the levies were not void, we will review the levy ordinances to determine if they were an abuse of the school district's discretion.

■ Section 17—1 of the School Code provides, in pertinent part: "If the beginning of the fiscal year of a district is subsequent to the time that the tax levy for such fiscal year shall be made, then such

annual budget shall be adopted prior to the time such tax levy shall be made." 105 ILCS 5/17—1 (West 1992).

Relying on section 17—1, Commonwealth Edison argues that the December 1991 levy was void because (a) FY 1992-93 commenced subsequent to the date that the December 1991 levy was enacted and (b) the 1992-93 budget was not adopted prior to the levy. Commonwealth Edison makes similar arguments for the levies imposed in 1992 and 1993. The district responds that the December 1991 levy was not void under section 17—1, because (a) the levy was for taxes due in FY 1991-92, not FY 1992-93, (b) FY 1991-92 began prior to the enactment of the December 1991 levy, and (c) the FY 1991-92 budget was adopted prior to the December 1991 levy.

■ We agree with the rationale of the district, the collector and the trial court. The validity of a levy is to be determined as of the time it is made (*Rosewell*, 159 Ill. 2d at 414-15, 639 N.E.2d at 568).

As to the appropriateness of the levy itself, the budget of a school district does not limit the amount of the tax levy (*People ex rel. Stanfield v. Pennsylvania R.R. Co.*, 3 Ill. 2d 524, 530, 121 N.E.2d 748 (1954)). Surpluses are to be expected upon application of conservative budgeting practices, and no prejudice to taxpayers results when validly levied taxes are collected and applied in the following year. *Rosewell*, 159 Ill. 2d at 406, 639 N.E.2d at 565, citing *People ex rel. Schlaeger v. Jourdan Packing Co.*, 389 Ill. 163, 169, 58 N.E.2d 910 (1945).

The language used in section 17—1 explicitly permits cash to be "on hand" at the end of a fiscal year and, as a logical extension, for cash to be "on hand" at the beginning of the next year. 105 ILCS 5/17—1 (West 1992). Section 17—1 requires that estimates of these assets be included in a school district's budget. 105 ILCS 5/17—1 (West 1992).

It is not necessary for taxing authorities to wait until the money is actually needed for paying outstanding obligations before taxes may be levied, but they have a right to, and should, anticipate, as nearly as they can, the amount of moneys that should be raised to meet obligations when they become due. *Rosewell*, 159 Ill. App. at 402, 639 N.E.2d at 563. Our supreme court has observed that the inclusion of such an asset in the following year's budget has the corresponding benefit of reducing the appropriate levy needed for that year. *Rosewell*, 159 Ill. 2d at 406, 639 N.E.2d at 565.

Commonwealth Edison has failed to demonstrate that the school district exceeded its authority or abused its discretion.

788

## III

The judgment of the circuit court of Will County is affirmed.

Affirmed.

BRESLIN and HOLDRIDGE, JJ., concur.