Nos. 3--96--0552, 3--96--0553 & 3--96--0554

_________________________________________________________________

                                 IN THE

                                    

                       APPELLATE COURT OF ILLINOIS

                                    

                             THIRD DISTRICT

                                    

                               A.D., 1997

PEOPLE OF THE STATE OF ILLINOIS,  ) Appeal from the Circuit Court

EX REL. JOHN J. WEBER, COUNTY     ) for the 12th Judicial Circuit

TREASURER AND EX-OFFICIO TAX      ) Will County, Illinois

COLLECTOR OF WILL COUNTY,         )

                                  )

    Plaintiff-Appellee,           ) Nos. 92--TX--15464

                                  )      93--TX--15582

    v.                            )      94--TX--15432

                                  )

COMMONWEALTH EDISON COMPANY,      ) Honorable

                                  ) William R. Penn

    Defendant-Appellant.          ) Judge, Presiding

_________________________________________________________________

JUSTICE LYTTON delivered the opinion of the court:

_________________________________________________________________

    

    Commonwealth Edison Company objects to paying real estate

taxes levied by the Reed-Custer Community Unit School District No.

255-U in 1991, 1992 and 1993.  The collection of the levies is the

responsibility of the treasurer of Will County, who serves as ex-

officio tax collector.  The circuit court found against

Commonwealth Edison and in favor of the district and collector. 

Commonwealth Edison appeals.  We affirm.

                                    I.

    In September 1991, the school district adopted a budget for

fiscal year (FY) 1991-92.  In December of 1991, the district

adopted a levy for taxes that were due for 1991, but were to be

paid in 1992.  The proceeds from these 1991 taxes were used to

finance expenditures during FY 1992-93.  None of the proceeds from

the 1991 levy were used to finance expenditures made during 1991. 

The district used a similar chronology for adopting budgets and

imposing levies for the following two years.

    Commonwealth Edison filed three tax objections, alleging that

the district's levies in 1991, 1992 and 1993 were void because they

violated section 5/17-1 of the School Code.  105 ILCS 5/17-1 (West

1992).  All of the parties filed motions for summary judgment, and

the circuit court entered judgment in favor of the district and the

collector.

                                    II.

    A circuit court may properly grant a motion for summary

judgment if the pleadings, depositions and affidavits show that

there is no genuine issue as to any material fact.  735 ILCS 5/2-

1005(c) (West 1994).  Where an appeal is taken from a judgment

granting summary judgment, the appellate court reviews the matter

de novo.  Onsen v. Commonwealth Edison Co., 261 Ill. App. 3d 271,

272, 642 N.E.2d 1285, ___ (1994).

    The burden of establishing facts to support a tax objection is

on the objector.  There is a strong presumption in favor of the

taxing authorities' proper exercise of their duties and the

presumption must be overcome by clear and convincing evidence.  In

re Application of Rosewell, 159 Ill. 2d 393, 414, 639 N.E.2d 559,

568 (1994).  Except to prevent an abuse of discretion, courts will

not interfere with the exercise of sound business judgment on the

part of taxing authorities.  Rosewell, 159 Ill. 2d at 402, 639

N.E.2d at 563, citing People ex rel. Schafer v. New York, Chicago

& St. Louis R.R. Co., 353 Ill. 518, 523-24, 187 N.E. 443, ___ 

(1933).

    Thus, abuse of discretion is the proper standard for courts to

apply in reviewing levy ordinances.  Rosewell, 159 Ill. 2d at 402,

639 N.E.2d at 563.  However, if the challenged levy is void, in the

sense that the taxing body exceeded its lawful authority in

imposing the levy, the courts may sustain taxpayers' objections

without resort to the abuse of discretion standard.  This is

because the taxing body lacks discretion to impose an unlawful

levy.  Rosewell, 159 Ill. 2d at 400, 639 N.E.2d at 562.

    Accordingly, we review this case first to determine if the

levies imposed were void under a de novo standard.  Also, since we

find the levies were not void, we will review the levy ordinances

to determine if they were an abuse of the school district's

discretion.

    Section 5/17-1 of the School Code provides in pertinent part,

"If the beginning of the fiscal year of a district is subsequent to

the time that the tax levy for such fiscal year shall be made, then

such annual budget shall be adopted prior to the time such tax levy

shall be made."  105 ILCS 5/17-1 (West 1992).

    Relying on section 17-1, Commonwealth Edison argues that the

December 1991 levy was void because (a) FY 1992-93 commenced

subsequent to the date that the December, 1991, levy was enacted,

and (b) the 1992-93 budget was not adopted prior to the levy. 

Commonwealth Edison makes similar arguments for the levies imposed

in 1992 and 1993.  The district responds that the December 1991

levy was not void under section 5/17-1, because (a) the levy was

for taxes due in FY 1991-92, not FY 1992-93, (b) FY 1991-92 began

prior to the enactment of the December 1991 levy, and (c) the FY

1991-92 budget was adopted prior to the December, 1991, levy.

    We agree with the rationale of the district, the collector and

the trial court.  The validity of a levy is to be determined as of

the time it is made (Rosewell, 159 Ill. 2d at 414-15, 639 N.E.2d at

568). 

    As to the appropriateness of the levy itself, the budget of a

school district does not limit the amount of the tax levy (People

ex rel. Stanfield v. Pennsylvania R.R. Co., 3 Ill. 2d 524, 530, 121

N.E.2d 748, ___ (1954)).  Surpluses are to be expected upon

application of conservative budgeting practices, and no prejudice

to taxpayers results when validly levied taxes are collected and

applied in the following year.  Rosewell, 159 Ill. 2d at 406, 639

N.E.2d at 565, citing People ex rel. Schlager v. Jourdan Packing,

389 Ill. 163, 169, 58 N.E.2d 910, ___ (1945).

    The language used in section 17-1 explicitly permits cash to

be "on hand" at the end of a fiscal year and, as a logical

extension, for cash to be "on hand" at the beginning of the next

year.  105 ILCS 5/17-1 (West 1992).  Section 17-1 requires that

estimates of these assets be included in a school district's

budget.  105 ILCS 5/17-1 (West 1992).

    It is not necessary for taxing authorities to wait until the

money is actually needed for paying outstanding obligations before

taxes may be levied, but they have a right to, and should,

anticipate, as nearly as they can, the amount of moneys that should

be raised to meet obligations when they become due.  Rosewell, 159

Ill. App. at 402, 639 N.E.2d at 563.  Our supreme court has

observed that the inclusion of such an asset in the following

year's budget has the corresponding benefit of reducing the

appropriate levy needed for that year.  Rosewell, 159 Ill. 2d at

406, 639 N.E.2d at 565.

    Commonwealth Edison has failed to demonstrate that the school

district exceeded its authority or abused its discretion.

                                   III.

    The judgment of the circuit court of Will County is affirmed.

    Affirmed.

    BRESLIN and HOLDRIDGE, JJ., concur.