691 N.E.2d 405 (1998)
294 Ill. App.3d 868
229 Ill.Dec. 295
In re Application of the DU PAGE COUNTY COLLECTOR, FOR the YEAR 1993 (John Lotus Novak, Applicant and Petitioner-Appellee,
v.
ATI Carriage House, Inc., and Centerpoint Properties, Inc., et al., Objectors and Respondents-Appellants).
No. 2-97-0063.
Appellate Court of Illinois, Second District.
February 25, 1998.
*406 James A. Geraghty, Lisle, for ATI Carriage House, Inc. and Centerpoint Properties, Inc.
Joseph E. Birkett, Du Page County State's Attorney, Margaret M. Healy, Anna B. Harkins, Assistant State's Attorneys, Wheaton, for Du Page County Collector.
Justice HUTCHINSON delivered the opinion of the court:
Objectors-respondents, ATI Carriage House, Inc., and Centerpoint Properties, Inc., et al. (objectors), appeal from the trial court's order dismissing their objection in favor of petitioner, John Lotus Novak, the Du Page County treasurer and ex officio collector of taxes for judgment (collector). We affirm.
The parties have stipulated to the facts relevant to this appeal. School District 10 operates within Du Page County. The district adopted its 1993 real estate tax levy on December 15, 1993. The district operates as a "cash basis" school district, meaning these funds would not be used during the fiscal year from July 1, 1993, to June 30, 1994, but would be set aside and used for the following fiscal year. The funds necessary for operating the school district during the 1993-94 fiscal year came from prior levies and other receipts. The 1993-94 budget was adopted on May 12, 1993, and the 1994-95 budget was adopted on May 11, 1994. Therefore, the district had not adopted its budget for the 1994-95 fiscal year when the levy was adopted on December 15, 1993.
On November 21, 1994, objectors filed an objection to the December 1993 levy pursuant to section 194(a) of the Revenue Act of 1939 (35 ILCS 205/194(a) (West 1992) (repealed by Pub.Act 88-455, § 32-20, eff. January 1, 1994, and now recodified at 35 ILCS 200/23-5 et seq. (West 1996))). Objectors alleged that the levy was void as being violative of section 17-1 of the School Code (105 ILCS 5/17-1 (West 1996)). This section states that a school district "shall" pass a budget before adopting a levy for a subsequent fiscal year. Collector filed a motion to dismiss the objection pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 1996)). The trial court granted collector's motion on December 16, 1996, and made a finding under Supreme Court Rule 304(a) (145 Ill.2d R. 304(a)). Objectors timely appealed.
Objectors raise numerous arguments on appeal, but the case essentially involves two issues: (1) whether the trial court erred in granting the motion to dismiss, and (2) whether this appeal should be dismissed because of objectors' request for prospective application. We note that objectors bear the burden of proving "the invalidity of the tax levy since the presumption is always that the taxes have been legally levied." People ex rel. Redfern v. Penn Central Co., 47 Ill.2d 412, 418, 266 N.E.2d 334 (1971). Before we begin a discussion of the issues in this case, however, it is important that we discuss a few key concepts and a general history of the interrelation between the Illinois Municipal Code (65 ILCS 5/1-1-1 et seq. (West 1996)) and the School Code (105 ILCS 5/1-1 et seq. (West 1996)) with respect to a school district's power to levy taxes.
In Illinois, a school district is classified as being either a "deficit basis" or "cash basis" district. Cf. People ex rel. Manifold v. Wabash Ry. Co., 389 Ill. 403, 407, 59 N.E.2d 795 (1945). The definitions of these terms, which have been used for both schools and *407 municipalities, appear to be endemic to Illinois, as is the alleged significance of the classifications. Other states have used the term "cash basis" to signify that a municipality may not enter into any debt that is greater than its current cash reserves. See, e.g., Greenlee v. Board of County Commissioners, 241 Kan. 802, 807, 740 P.2d 606, 609 (1987); Atlantic City v. Cynwyd Investments, 148 N.J. 55, 65-66, 689 A.2d 712, 717 (1997); cf. Community Federal Savings & Loan Ass'n v. Director of Revenue, 752 S.W.2d 794, 796 (Mo.1988) (stating that "[g]overnment budgets are prepared on an annual cash basis"). However, "cash basis" has a unique meaning in Illinois:
"[C]ash basis * * * means that current expenses for a calendar year are paid from the proceeds of taxes of former years or other available funds. Many municipalities, by good management, or by obtaining money from other sources than taxes, have built up a cash surplus, or have unexpended funds from levies of former years, sufficient to pay cash as they go, without reliance upon the taxes to be levied for such calendar year. The taxes for such year, when collected, provide the cash fund for operating on a cash basis the expenses of the following year." Manifold, 389 Ill. at 407, 59 N.E.2d 795.
"Deficit basis" simply means that the school or municipality has insufficient cash reserves and is utilizing the levy from the current year to meet its expenses. Manifold, 389 Ill. at 407, 59 N.E.2d 795.
To appreciate the importance of this distinction, reviewing the background of the taxing powers contained in the School Code is important. School boards have no inherent powers to levy taxes. People ex rel. Leaf v. Orvis, 374 Ill. 536, 541, 30 N.E.2d 28 (1940). The power to levy taxes is granted by the legislature and that power is to be strictly construed. People ex rel. Smith v. Wabash Ry. Co., 374 Ill. 165, 172, 28 N.E.2d 119 (1940). The legislature originally included school districts within the administrative bodies covered by the Illinois Municipal Budget Law (Municipal Budget Law). See Ill. Rev.Stat.1939, ch. 120, par. 365.3. In 1951, school districts were removed from the Municipal Code, and taxing issues were addressed by subsequent revisions in the School Code. See Ill.Rev.Stat.1953, ch. 122, par. 17-1.
As part of this change, the legislature revised section 17-1 of the School Code to include budgeting procedures for school districts with under 500,000 inhabitants. The statute states, in part:
"The board of education of each school district under 500,000 inhabitants shall, within or before the first quarter of each fiscal year, adopt an annual budget which it deems necessary to defray all necessary expenses and liabilities of the district, and in such annual budget shall specify the objects and purposes of each item and amount needed for each object and purpose.
* * *
The board of education of each district shall fix a fiscal year therefor. If the beginning of the fiscal year of a district is subsequent to the time that the tax levy for such fiscal year shall be made, then such annual budget shall be adopted prior to the time such tax levy shall be made." 105 ILCS 5/17-1 (West 1996).
This language is largely identical to language contained in the Municipal Budget Law of 1939. However, the Municipal Budget Law has a significant savings clause:
"The failure by any governing body of any municipality to adopt an annual budget and appropriation ordinance, or to comply in any respect with the provisions of this Act, shall not affect the validity of any tax levy of any such municipality, otherwise in conformity with the law." Ill.Rev.Stat. 1939, ch. 120, par. 365.4.
The absence of such a provision in the School Code becomes quite relevant in the present case.
Objectors assert that under section 17-1 a school district operating on a cash basis shall adopt a budget prior to passing a tax levy for the year in question. School districts operating on a deficit basis, however, may adopt the levy before the budget. Collector counters that the language of section 17-1 is ambiguous and a proper interpretation of the section *408 would make it applicable only to school districts that pass a levy before the beginning of the fiscal year.
Our supreme court has had only one occasion to interpret section 17-1. In People ex rel. Stanfield v. Pennsylvania R.R. Co., 3 Ill.2d 524, 121 N.E.2d 748 (1954), the court interpreted the legislative intent behind the section. The school district in Stanfield had switched from cash basis to deficit basis during the course of a fiscal year, and the objector asserted that the district's tax levy was void for several reasons. The Stanfield court initially considered whether the adoption of a budget was a condition precedent to a valid tax levy. The court held that the adoption of a budget was not a condition precedent, except when "the beginning of the fiscal year is subsequent to the time of the tax levy for that year." Stanfield, 3 Ill.2d at 526, 121 N.E.2d 748. Next, the Stanfield court held that the budget did not limit the amount of the tax levy. The court noted that school districts are afforded wide latitude in determining their fiscal needs and concluded that "a school budget is not a part of the tax-levy process, but is designed ordinarily to furnish information to the public and limit the amount of actual expenditures." Stanfield, 3 Ill.2d at 529, 121 N.E.2d 748.
The supreme court was faced with an analogous situation in People ex rel. Prindable v. New York Central R.R. Co., 397 Ill. 50, 72 N.E.2d 821 (1947). In Prindable, the objector had claimed that the tax levies made by two municipalities were invalid because both were operating on a cash basis and had failed to adopt a budget before imposing the levy. The Prindable court found the tax levies to be valid but relied heavily upon the language of section 4 of the Municipal Budget Law discussed above (Ill.Rev.Stat.1939, ch. 120, par. 365.4). Prindable, 397 Ill. at 54, 72 N.E.2d 821. Because this section was not adopted in the 1951 revision of the School Code, Prindable does not offer much direct guidance in this area.
Most of the few cases that exist involving school budgets and tax levies were decided before 1955. However, the only case that is on point with the present case was released only a few months ago in the Appellate Court, Third District. In People ex rel. Weber v. Commonwealth Edison Co., 287 Ill. App.3d 784, 223 Ill.Dec. 159, 679 N.E.2d 103 (1997), the court reviewed whether the trial court erred in granting a motion for summary judgment against a party asserting that a tax levy was invalid because a cash basis school district had failed to adopt a budget before making the levy. The reviewing court noted it would review the district's action de novo and then, if the levy were found not to be void, review the levy under an abuse of discretion standard. The Weber court held that (1) the validity of a levy is determined at the time it is made; (2) the school district's budget does not limit the amount of the levy; and (3) school districts are permitted to retain cash at the end of the fiscal year. The Weber court concluded that the objector, Commonwealth Edison, failed to demonstrate that the school district either had exceeded its authority or had abused its discretion. Weber, 287 Ill.App.3d at 786-87, 223 Ill.Dec. 159, 679 N.E.2d 103.
Unfortunately, the Weber court did not have occasion to address the issue that faces this court. Therefore, we do not find the analysis of Weber persuasive.
The language of section 17-1 appears at first blush to be fairly clear and unambiguous. Similar language is cited in Stanfield as an exception to that case, but this dictum does not actually address the issue in the present case. Stanfield, 3 Ill.2d at 526, 121 N.E.2d 748. Collector makes a persuasive argument that this language is capable of two interpretations. The objectors have asserted that section 17-1 implies that a levy is for the fiscal year in which the school district wishes to spend the tax levy. Collector counters that another interpretation of the language would be that a tax levy is for the fiscal year in which it is made, regardless of when the school district intends to spend the levy.
We determine that section 17-1 is susceptible to either construction. Unfortunately, we can find nothing in the statute or subsequent judicial interpretations that provides any guidance as to which construction is proper. Therefore, we must examine the application of each construction to resolve the ambiguity. *409 See Eckman v. Board of Trustees for Police Pension Fund, 143 Ill.App.3d 757, 97 Ill.Dec. 864, 493 N.E.2d 671 (1986).
Collector cites to many examples of similar language referring to the date in which an action occurred and not to some future event. For example, legislation is identified by the year of enactment and not when it becomes effective. A taxpayer reports income in the year it is earned, not when it is spent. The 1996 presidential election was not referred to as the 1997 election even though the president would not take office until that year. These examples do not resolve the issue, but they do evince the common understanding that could be applied to the phrase "for a fiscal year."
Under objectors' construction, a levy passed in December 1993 would be for the 1993-94 fiscal year in deficit basis school districts and for the 1994-95 fiscal year in cash basis school districts. This is counterintuitive and not supported by the statutory language. Under this logic, whenever a school district is forced to go from cash basis to deficit basis, as was the case in Stanfield, the tax levy would transform from being for 1994-95 to being for 1993-94. However, the validity of a levy is determined as of the date of the levy, and its validity is not altered by subsequent events. In re Application of Rosewell, 159 Ill.2d 393, 401, 203 Ill.Dec. 239, 639 N.E.2d 559 (1994); People ex rel. Schlaeger v. Siebel, 388 Ill. 98, 107, 57 N.E.2d 378 (1944).
Under collector's construction, a tax levy made in December 1993 would be for 1993-94 regardless of whether the district is deficit basis or cash basis. Since school districts are required to file their tax levy by the last Tuesday in December (105 ILCS 5/17-11 (West 1996)), any levy filed after that time is necessarily for the next fiscal year. Thus, a school district that files a levy in March 1993 would be filing a levy for the 1993-94 fiscal year even though it was technically filed during the 1992-93 fiscal year. Collector asserts that the language from Stanfield and section 17-1 would apply only to the situation just described and not the present case.
We find collector's construction persuasive. A tax levy filed during a fiscal year and before the December deadline is a tax levy for that fiscal year, regardless of when the school district intends to spend the levy. Section 17-1 and Stanfield both require a school district to have adopted a budget prior to making a tax levy if the beginning of the fiscal year is subsequent to the making of the levy. However, this is only applicable when such a levy is truly for a fiscal year because it is filed after the deadline for the fiscal year in which it is filed and prior to the beginning of the fiscal year in which it could be used. This situation did not arise in the present case. Therefore, the tax levy was filed after the school budget was adopted, and the district complied with the principles of section 17-1 and Stanfield.
Objectors argue that their interpretation of section 17-1 is supported by recent legislation and judicial decisions. Specifically, objectors cite to section 17-3.2 of the School Code (105 ILCS 5/17-3.2 (West 1996)); People ex rel. Bonefeste v. B.D.H. Rentals, 277 Ill.App.3d 614, 214 Ill.Dec. 305, 660 N.E.2d 1012 (1996); and In re Application of Du Page County Collector, 118 Ill.App.3d 139, 73 Ill.Dec. 730, 454 N.E.2d 827 (1983). However, neither the statute nor the cases reveal a contrary legislative intent or judicial interpretation. Section 17-3.2 grants a school board the power to pass an additional or supplemental budget for a fiscal year and to levy additional funds to meet its needs. Both Bonefeste and Du Page County Collector hold that school districts need not make separate ordinances under the Illinois Pension Code (40 ILCS 5/1-101 et seq. (West 1996)) because the school budget may act as an appropriation. It would require a dramatically distorted interpretation of any of these authorities to find their holdings contrary to Stanfield.
The second major issue on appeal is whether the appeal should be dismissed because objectors sought only prospective application of their position. In their brief in chief, objectors stated that any ruling in their favor should be applied only prospectively, apparently to avoid the "ruinous" effects of invalidating the tax levy. Collector makes an *410 intriguing argument that objectors' appeal must be dismissed because its only remedy from a statutory tax objection is a refund of "all or any part of the tax paid." Therefore, collector argues, objectors' position would force this court to deliver an advisory opinion. This is an attractive argument, but one that we need not address because we have determined that the trial court did not err in granting collector's motion to dismiss.
The judgment of the circuit court of Du Page County is affirmed.
Affirmed.
COLWELL, J., concurs.
Justice McLAREN, dissenting:
The majority takes the clear and unambiguous language of section 17-1 of the School Code (105 ILCS 5/17-1 (West 1992)) and contorts its meaning beyond reasonable recognition. Contrary to the majority's assertion, the word "for" as used in section 17-1 is clear and unambiguous. "For" is defined as "a preparation toward * * * or in view of * * * having [a] goal or object * * * [and] with the purpose or object of." Webster's Third New International Dictionary 886 (1993). Thus, the only reasonable interpretation of section 17-1 is that a school district must pass a budget before adopting a levy if the levy's purpose or object is that of a later fiscal year. Because section 17-1 can be reasonably interpreted only one way, it is not ambiguous and we must give effect to its plain meaning. See People v. Holloway, 177 Ill.2d 1, 8, 224 Ill.Dec. 498, 682 N.E.2d 59 (1997).
In addition, the argument of the collector, which the majority finds persuasive, has a glaring inconsistency. Relying on People ex rel. Stanfield v. Pennsylvania R.R. Co., 3 Ill.2d 524, 526, 121 N.E.2d 748 (1954), the majority states that a levy is "for" the year in which it is made regardless of when the school district intends to spend the money. The majority then effectively disregards an elementary statement of law expressed by our supreme court that there is a difference between cash and deficit basis procedures. Stanfield, 3 Ill.2d at 526, 121 N.E.2d 748. In answering the question "is the adoption of a budget a condition precedent to a valid tax levy?", our supreme court's answer is no, unless the district operates on a cash basis. Stanfield, 3 Ill.2d at 526, 121 N.E.2d 748. The court explains:
"As regards school districts, however, this court has said that in only one instance is it necessary that the budget and appropriation ordinance be in force at the time of making the levy, namely, when the beginning of the fiscal year is subsequent to the time of the tax levy for that year." Stanfield, 3 Ill.2d at 526, 121 N.E.2d 748.
Thus the court describes a cash basis procedure when enunciating the exception to the rule. People ex rel. Manifold v. Wabash R.R. Co., 389 Ill. 403, 407, 59 N.E.2d 795 (1945). The court went on to state that the exception did not apply because the proceeds of the tax levy in Stanfield were to be used in 1952, the levy was not made until August 1952, and the fiscal year began in July 1952. Stanfield, 3 Ill.2d at 525-26, 121 N.E.2d 748. However, the fact that the court held that the exception did not apply does not change the fact that the court recognized that there is a difference between cash and deficit procedures and stated that cash basis schools MUST pass a budget before levying a tax for the budget year. See Stanfield, 3 Ill.2d at 526, 121 N.E.2d 748.
The majority explains its disregard of the court's statement of the law by erroneously labeling it as dictum. Dicta are "[o]pinions of a judge which do not embody the resolution or determination of the specific case before the court." Black's Law Dictionary 454 (6th ed.1990). In determining whether the tax levy at issue in Stanfield was valid, it was necessary for the court to enunciate the relevant underlying principle of law and then discuss its application to the facts of the case. The fact that the levy in Stanfield was valid does not transform the underlying statement of the law into dictum.
Further, even if the word "for" is ambiguous, the objectors' interpretation is buttressed by the absence of a savings clause. The legislature included a savings clause for municipalities which fail to adopt an annual budget before levying a tax. Ill.Rev.Stat. 1939, ch. 120, par. 365.4. The legislature *411 then failed to include such a savings clause for school districts.
I believe that Stanfield and the clear and unambiguous language of section 17-1 are controlling in this case. The majority's opinion distorts both the meaning of section 17-1 and our supreme court's enunciation of the law contained in Stanfield. Although a finding of invalidity may cause problems for the taxing body, we must not avoid our duty to give effect to the clear and unambiguous language of the statute at issue. In re B.C., 176 Ill.2d 536, 542, 223 Ill.Dec. 919, 680 N.E.2d 1355 (1997).
I respectfully dissent.