*In re* APPLICATION OF THE DU PAGE COUNTY COLLECTOR, for Judgment and Order of Sale Against Real Property Returned Delinquent for Nonpayment of Taxes for the Year 1993 and for Judgment Fixing the Correct Amount of Any Tax Paid Under Protest for the Year 1993 (Du Page Airport Authority, Intervenor-Appellee, v. Robert Pryor *et al.*, Objectors-Appellants).

Second District    No. 3—97—0603

Opinion filed June 10, 1998.

Susan T. Crowley, of Crane & Norcross, of Chicago, for appellants.

Larry L. Thompson and Ari J. Rosenthal, both of Bell, Boyd & Lloyd, of Chicago, for appellee Du Page Airport Authority.

Joseph E. Birkett, State's Attorney, of Wheaton (Anna B. Harkins, Assistant State's Attorney, of counsel), for appellee County of Du Page.

JUSTICE HUTCHINSON delivered the opinion of the court:

Several objectors filed an application for judgment for delinquent 1993 real estate taxes and for judgment for 1993 taxes paid under protest. The objections encompassed many districts, but only issues concerning intervenor, Du Page Airport Authority (Airport), are presented in this appeal. In the trial court, the objectors argued that the tax levied by the Airport was unlawful because the Airport did not adopt its levy by the second Tuesday in August. The parties filed cross-motions for summary judgment and the court entered judgment in favor of the Airport. The court also found that there was no just reason to delay the enforcement or appeal of the judgment. See 134

Ill. 2d R. 304(a). The objectors timely appeal arguing that the trial court erred in concluding that the Airport had passed the levy within the allotted statutory time. We affirm.

■ Summary judgment should be granted when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2—1005(c) (West 1996). When all parties seek summary judgment, the trial court is invited to decide the issues presented as a matter of law, and the entry of summary judgment for one party or the other is proper. *Hubble v. O'Connor*, 291 Ill. App. 3d 974, 979 (1997). We review a grant of summary judgment *de novo. McNamee v. State of Illinois*, 173 Ill. 2d 433, 438 (1996).

■ Here, the parties agree that no question of fact exists and that resolution of the issue on appeal depends on the interpretation to be accorded section 13 of the Airport Authorities Act (70 ILCS 5/13 (West 1996)). Section 13 requires an airport authority's board of commissioners to adopt, during the first quarter of the fiscal year, an appropriation ordinance to pay the costs of operating and maintaining the airports within the authority's corporate limits. 70 ILCS 5/13 (West 1996). Section 13 also provides:

> "After the adoption of the appropriation ordinance and on or before the second Tuesday in August of each year, the board of commissioners shall ascertain the total amount of the appropriations legally made which are to be provided for from the tax levy for that year. Then, by an ordinance specifying in detail the purposes for which such appropriations have been made and the amounts appropriated for such purposes, the board of commissioners shall levy not to exceed the total amount so ascertained upon all the property subject to taxation within the authority as the same is assessed and equalized for state and county purposes for the current year." 70 ILCS 5/13 (West 1996).

The objectors contend that section 13 requires the board to adopt the levy by the second Tuesday in August. They conclude that, since the board did not adopt the levy until October, the tax levied is void. The Airport contends that the deadline in section 13 requires only that, by that date, the board has ascertained the amount of the appropriations that the levy will provide. The Airport further argues that the statute is silent with respect to an exact date by which the board must adopt the levy. The parties agree that, if the board did not have to adopt the levy by the second Tuesday in August, the tax was validly enacted. The parties also agree that, if the board had to adopt the levy ordinance by the second Tuesday in August, the tax is void.

See *People ex rel. Haas v. Amax Zinc Co.*, 130 Ill. App. 3d 580, 584 (1984) (a levy is void if it is adopted after the time prescribed by the statute authorizing it). The parties frame the issue raised as one of first impression, and our independent research has revealed no other case that has addressed this issue.

■■■We turn now to the question whether the legislature intended to require the board to adopt the levy by the second Tuesday in August. In so doing, we are guided by the general principle that the legislative intent of a statute is best determined from the plain and ordinary meaning of the statutory language. *People v. Wittenmyer*, 151 Ill. 2d 175, 195 (1992). Where the language is clear and unambiguous, we must apply it as written. *Wittenmyer*, 151 Ill. 2d at 195. We also note that objectors "bear the burden of proving 'the invalidity of the tax levy since the presumption is always that the taxes have been legally levied.' " *In re Application of the Du Page County Collector*, 294 Ill. App. 3d 868, 870 (1998), quoting *People ex rel. Redfern v. Penn Central Co.*, 47 Ill. 2d 412, 418 (1971).

Here, section 13 clearly requires that, by the second Tuesday in August, the board of commissioners must have "ascertain[ed] the total amount of the appropriations legally made which are to be provided for from the tax levy for that year." 70 ILCS 5/13 (West 1996). The next sentence begins: "Then, by an ordinance ***." 70 ILCS 5/13 (West 1996). We believe that a plain and ordinary reading of the statute reveals a two-step process. First, the board must ascertain the amounts to be levied. *Then*, the board must adopt the levy. The purpose of the levy is to levy a tax in the amount that the board has ascertained must be raised by taxation. *People ex rel. Chadwick v. Sergel*, 269 Ill. 619, 622 (1915). Clearly then, the ordinance adopting the levy must follow the ascertainment.

■ Section 13 provides a clear deadline by which the board must ascertain the amount to be raised by taxes. The sentence relating to the adoption of the levy contains no such deadline. Moreover, it is clear that the levy's adoption must occur after the board has ascertained the amount of money to be raised by taxation. Had the legislature intended for a deadline to apply to the levy's adoption, it could have easily done so. Instead, the statute is silent about when the board must adopt the levy. The law is well established, however, that, if a statute does not establish the time by which the levy must be adopted, the adoption must occur before the taxing body is required to certify to the county clerk the amounts that have been levied. *People ex rel. Heuer v. Chicago, Burlington & Quincy R.R. Co.*, 377 Ill. 470, 481 (1941). Here the board had to certify the amounts by the last Tuesday in December. 35 ILCS 200/18—15 (West 1996). Since the par-

ties agree that the board adopted the levy before that time and that the levy was properly certified, we have no basis to disturb the trial court's judgment.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

INGLIS and COLWELL, JJ., concur.